# Exhibit A

# UNITED STATES POWERLIFTING ASSOCIATION



# MEET DIRECTOR AGREEMENT

This Meet Director Agreement ("this Agreement") is made and entered into by and between Denison Powerlifting Inc. dba United States Powerlifting Association, a California corporation with its principal place of business at 30 Waterworks Way, Irvine, California 92618 ("USPA") and Leonetta Richardson, an individual with his / her NAME principal place of business at 10391 Brookmead Dr Moreno Valley, CA 92557 United States ("Meet Director"), each a "Party", collectively "the Parties".

## RECITALS

WHEREAS USPA is one of the leading powerlifting federations in the United States; and

WHEREAS Meet Director is knowledgeable and experienced with regard to powerlifting competitions; and

WHEREAS USPA desires to appoint Meet Director to the position of USPA Meet Director on the terms and conditions set forth below; and

WHEREAS Met Director desires to be appointed to the position of USPA Meet Director on the terms and conditions set forth below; and

NOW, THEREFORE, in consideration of the above recitals, the mutual promises, covenants, and representations contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## TERMS AND CONDITIONS

The foregoing Recitals are incorporated herein by reference, as if set forth in full at this point.

## ARTICLE 1

## RELATIONSHIP OF THE PARTIES

    1.1. Meet Director is, and shall be, an independent contractor.
    1.2. There shall be no employment relationship between the Parties.
    1.3. There shall be no agency relationship between the Parties.
    1.4. The Parties do not intend this Agreement to create a partnership, joint venture, or franchise.

1.5. Meet Director shall not be entitled to make any claim against USPA for wages, unemployment benefits, disability benefits, workers' compensation benefits, vacation pay, or retirement benefits.
1.6. Meet Director shall not have exclusive rights to any particular state, regions, city, or territory. USPA may appoint additional meet directors, at USPA's sole discretion, in any location.

# ARTICLE 2

## TERM AND TERMINATION

2.1. The date upon which both Parties have signed this Agreement shall be referred to as the "Effective Date".
2.2. The term of this Agreement shall commence on the Effective Date, and shall remain in effect for a period of one year.
2.3. This Agreement shall automatically renew each year for a successive one year term unless terminated by either Party.
2.4. Either Party may terminate this Agreement by sending one day's written notice of termination to the other Party pursuant to Article 14 hereof. In the event of termination, Meet Director shall immediately discontinue use of Iron Comp, USPA's proprietary powerlifting competition management software.

# ARTICLE 3

## USPA'S DUTIES

3.1. After the Parties have executed (i) this Agreement, (ii) USPA's Confidentiality and Non-Disclosure Agreement, and (iii) USPA's Iron Comp Software Licensing Agreement, USPA shall activate an online account for Meet Director. That account will provide Meet Director with access to a variety of resources to assist Meet Director.
3.2. USPA shall act as the sanctioning body of powerlifting competitions for which:
   a. Meet Director has applied for, and received, a USPA sanction; and
   b. Meet Director has paid the sanction fee to USPA.
3.3. As the sanctioning body, USPA shall include sanctioned powerlifting competitions in its website event calendar.
3.4. Insurance.
   a. As the sanctioning body, USPA shall obtain insurance coverage for sanctioned powerlifting competitions through a Commercial General Liability Insurance policy. The types of coverage and policy limits shall be at USPA's discretion. Before each sanctioned powerlifting competition, USPA shall provide Meet Director with a Certificate of Insurance applicable to that competition.
   b. Meet Director is free to obtain additional and/or different insurance coverage.
3.5. Meet Director may request to have an additional insured listed on the Certificate of Insurance to be provided by USPA.
3.6. Meet Director must immediately notify the USPA national office of any change in the location or date of an event to make sure that the event calendar is updated and that an updated Certificate of Insurance is issued. Meet Director shall promptly notify all registered competitors of any such changes.
3.7. If personal injury or property damage occurs at a USPA sanctioned event, Meet Director shall submit an Incident Report to USPA within seventy-two (72) hours. The Incident Report form is available on USPA's Meet Director Resources page.

# ARTICLE 4

## MEET DIRECTOR'S DUTIES

4.1. While not an agent or employee, a USPA Meet Director is a representative of USPA. As such, Meet Director shall conduct himself / herself in a manner which:
   a. Meets the highest ethical standards.
   b. Affirms and enhances USPA's excellent reputation.
   c. Provides meet participants with a positive experience.
4.2. In addition to entering into this Agreement, Meet Director shall also sign and abide by:
   a. USPA's Confidentiality and Non-Disclosure Agreement.
   b. USPA's Iron Comp Software Licensing Agreement.

4.3. When organizing and supervising a powerlifting competition under the auspices of USPA, Meet Director shall:
   a. Follow all applicable federal, state, and local laws, regulations, and ordinances.
   b. Follow all of USPA's rules, regulations, policies, and procedures.
   c. Verify at the time of registration that each participant has an active USPA membership.
   d. Make all reasonable efforts to protect and safeguard meet participants' safety and welfare.
   e. Utilize as referees and staff officials only persons certified by USPA as referees and staff officials.
   f. Make sure that all spotters/loaders:
      1. Receive instruction on proper spotting and loading techniques.
      2. Are physically capable of ensuring the safety of lifters.
      3. Sign the USPA Spotter/Loader Liability Waiver.
   g. Clearly distinguish in any social media advertising that each event is a USPA sanctioned competition by placing the registered "R" USPA logo on all event flyers.
   h. Place behind all competition platforms a banner or other promotional advertisement prominently displaying the registered "R" USPA logo and the competition's name to clearly designate that the competition is sanctioned by USPA.

4.4. Meet Director shall be responsible for organizing, promoting, and running each sanctioned powerlifting competition, and for all costs involved.

4.5. Meet Director shall be entitled to all of the registration fees paid by participants in each sanctioned powerlifting competition.

4.6. In the event that Meet Director accepts registration fees from USPA members for a scheduled USPA-sanctioned powerlifting competition, and then cancels that event, Meet Director must make a full refund of all such registration fees unless Meet Director reschedules the event to a date within fifteen (15) days of the original date, at a location within fifteen (15) miles of the original location. Under extenuating circumstances, any dates or locations outside of these parameters must have written approval by the USPA national office.

4.7. Upon termination of this Agreement, either by USPA or Meet Director, Meet Director shall, within fourteen (14) days of such termination, refund in full any and all entry fees received for any and all USPA sanctioned meets which have not yet taken place. Upon receipt of written confirmation and an accounting evidencing the refund of all such entry fees, USPA shall refund to Meet Director all event sanction fees paid by Meet Director to USPA for events which have not yet taken place.

4.5. Meet Director shall be entitled to all of the registration fees paid by participants in each sanctioned powerlifting competition.
4.6. In the event that Meet Director accepts registration fees from USPA members for a scheduled USPA-sanctioned powerlifting competition, and then cancels that event, Meet Director must make a full refund of all such registration fees unless Meet Director reschedules the event to a date within fifteen (15) days of the original date, at a location within fifteen (15) miles of the original location. Under extenuating circumstances, any dates or locations outside of these parameters must have written approval by the USPA national office.
4.7. Upon termination of this Agreement, either by USPA or Meet Director, Meet Director shall, within fourteen (14) days of such termination, refund in full any and all entry fees received for any and all USPA sanctioned meets which have not yet taken place. Upon receipt of written confirmation and an accounting evidencing the refund of all such entry fees, USPA shall refund to Meet Director all event sanction fees paid by Meet Director to USPA for events which have not yet taken place.

## ARTICLE 5

## USPA'S WARRANTIES AND REPRESENTATIONS

5.1. USPA warrants and represents that:
   a. USPA is a corporation duly organized, validly existing, and in good standing under the laws of the State of California.
   b. USPA has the right and authority to enter into this Agreement on the terms and conditions set forth herein.

## ARTICLE 6

## MEET DIRECTOR'S WARRANTIES AND REPRESENTATIONS

6.1. Meet Director warrants and represents that:

   a. Meet Director is qualified to act as a USPA Meet Director.
   b. Meet Director has the right and authority to enter into this Agreement on the terms and conditions set forth herein.

# ARTICLE 7

# LICENSE TO MEET DIRECTOR

7.1. USPA hereby grants to Meet Director, and Meet Director hereby accepts, a non-exclusive license to use USPA's name and logo in organizing, promoting, and running each USPA-sanctioned powerlifting competition ("License No. 1").
7.2. There shall be no fee for License No. 1.

# ARTICLE 8

# ADVERTISING AND PROMOTION

8.1. Meet Director shall not permit any powerlifting organization other than USPA to conduct advertising or promotion, or to sell goods, at, or in connection with, any USPA-sanctioned competition.

# ARTICLE 9

# CONFIDENTIALITY/NON-DISCLOSURE

9.1. The Parties acknowledge and agree that this Agreement creates a relationship of confidence and trust between them.
9.2. Definition of "Confidential Information". "Confidential Information" means USPA's trade secrets, proprietary information or material, and non-public information or material, in oral, written, electronic, or other form, which is either (a) disclosed or provided by USPA to Meet Director or to Meet Director's affiliates, attorneys, accountants, or advisors (collectively "Meet Director's Representatives"); or (b) accessed or obtained by Meet Director or Meet Director's Representatives, and which is clearly designated as "Confidential" or would otherwise reasonably be understood to be confidential based on the nature or type of the information.

Notwithstanding the foregoing, Confidential Information shall not include information or material that Meet Director proves was (a) lawfully in Meet Director's possession prior to being disclosed, provided, accessed, or obtained; or (b) provided in good faith to Meet Director by a third party without breach of any right of USPA or any third party; or (c) was publicly available through no action or fault of Meet Director; or (d) was independently developed by Meet Director without reference to USPA's Confidential Information.
9.3. Protection of Confidential Information. At all times, both during the Term of this Agreement and thereafter, Meet Director shall (a) protect and safeguard the confidentiality of USPA's Confidential Information with at least the same degree of care that Meet Director would exercise to protect and safeguard the confidentiality of Meet Director's Confidential Information, and in no event with less than a commercially reasonable degree of care; and (b) not use USPA's Confidential Information or permit it to be used for any purpose other than fulfilling Meet Director's obligations under this Agreement.
9.4. No Sale. No disclosure or provision of Confidential Information hereunder shall be construed as a sale, assignment, grant, option, conveyance, or other transfer of any right, title, or interest in such Confidential Information unless expressly stated in writing by USPA.
9.5. Required Disclosure. Any disclosure by Meet Director or Meet Director's Representatives of any of USPA's Confidential Information under applicable federal, state, or local law, regulation, or a valid order issued by a court or governmental agency of competent jurisdiction (a "Legal Order") shall be subject to the terms of this Section. Before making any such disclosure, Meet Director shall provide USPA with:
   a. Prompt written notice of such requirement so that USPA may seek, at its sole cost and expense, a protective order or other remedy; and
   b. Reasonable assistance, at USPA's sole cost and expense, in opposing such disclosure or seeking a protective order or other limitation on disclosure.
If, after providing such notice and assistance as required herein, Meet Director remains subject to a Legal Order to

disclose any Confidential Information, Meet Director (or Meet Director's Representatives or other persons to whom such Legal Order is directed) shall disclose no more than that portion of the Confidential Information which, on the advice of Meet Director's legal counsel, such Legal Order specifically requires Meet Director to disclose and, on USPA's request, shall use commercially reasonable efforts to obtain assurances from the applicable court or agency that such Confidential Information will be afforded confidential treatment.

9.6. Return/Destruction of Confidential Information. At any time during or after the term of this Agreement, at USPA's written request, Meet Director or Meet Director's Representatives shall promptly return to USPA all copies, whether in written, electronic, or other form or media, of USPA's Confidential Information, or destroy all such copies and certify in writing to USPA that such Confidential Information has been destroyed. In addition, Meet Director shall also destroy all copies of any notes created by Meet Director or Meet Director's Representatives and certify in writing to USPA that such copies have been destroyed.

# ARTICLE 10

## OWNERSHIP OF INTELLECTUAL PROPERTY

10.1. Pre-existing Intellectual Property.
   a. USPA. All right, title, and interest in and to Intellectual Property (1) owned by USPA (including all trade secrets) prior to this Agreement; and/or (2) independently developed by USPA outside the scope of this Agreement (collectively, "USPA's IP") is and shall, at all times, be owned solely by USPA.
   b. Meet Director. All right, title, and interest in and to Intellectual Property (1) owned by Meet Director (including all trade secrets) prior to this Agreement; and/or (2) independently developed by Meet Director outside the scope of this Agreement (collectively, "Meet Director's IP") is and shall, at all times, be owned solely by Meet Director.

10.2. Know-How and Processes.
   a. USPA. All right, title, and interest in and to all know-how and processes owned by USPA ("USPA's Know-How") shall remain owned solely by USPA.
   b. Licensee. All right, title, and interest in and to all know-how and processes owned by Meet Director ("Meet Director's Know-How") shall remain owned solely by Meet Director.

10.3. Research Results and Data. All right, title, and interest in and to the research results and data resulting from Meet Director's activities as a USPA Meet Director and shall be owned solely by USPA ("Usage Data").

# ARTICLE 11

## INDEMNITY

11.1. Meet Director shall indemnify, defend, and hold harmless USPA, its owners, officers, directors, employees, and affiliates from and against any loss, demand, claim, suit, action, cause of action, or damage, including, but not limited to, compensatory damages, special damages, consequential damages, punitive damages, exemplary damages, penalties, costs, lost profits, property damage, personal injury, and attorney's fees, arising from (i) any negligence or willful misconduct by Meet Director; or (ii) Meet Director's breach of this Agreement.

11.2. If, in any action brought against Meet Director, it is alleged that USPA's IP, as used by Meet Director within the scope of the license granted hereunder, in accordance with the terms and conditions herein, infringes upon a third party's intellectual property rights or proprietary rights, USPA shall defend Meet Director from and against such an action. If said allegation is proven to be valid, USPA shall indemnify Meet Director. If, however, it is proven that the infringement resulted from Meet Director's use of USPA's IP beyond the scope of the license granted hereunder or from Meet Director's breach of the terms or conditions of this Agreement, then USPA shall not indemnify Meet Director, and Meet Director shall reimburse USPA for the cost of USPA's defense of Meet Director in the action.

# ARTICLE 12

## LIMITATION OF LIABILITY

12.1. Except for indemnity obligations pursuant to Article 11 hereof, in no event shall USPA be liable to Meet Director or to any third party for indirect damages, special damages, incidental damages, consequential damages, punitive damages, exemplary damages, damages for business interruption, damages for loss of use, damages for

loss of data, damages for loss of business information, or damages for loss of profits arising from, or related to, this Agreement, regardless of the cause of action, under any legal or equitable theory.

# ARTICLE 13

# INJUNCTIVE RELIEF

13.1. The Parties acknowledge and agree that:
  a. Each Party's rights under this Agreement are unique.
  b. In the event of a breach or threatened breach of this Agreement, any remedy at law would be inadequate.
  c. In the event of a breach or threatened breach of this Agreement, it would be difficult to determine the amount of damages resulting therefrom.
  d. Such a breach would cause irreparable injury which cannot adequately be compensated by money damages.

13.2. Therefore, the Parties agree that that each Party shall be entitled to obtain injunctive relief in the Superior Court of the State of California, County of Orange, to prevent or restrain any breach of this Agreement. Such right to injunctive relief shall not prohibit either Party from seeking any and all other possible damages and remedies in law or equity.

# ARTICLE 14

# NOTICES

14.1. Any notice to be given under, or in connection with, this Agreement shall be in writing and shall be addressed as follows:

If to USPA:
Mike Tronske, Executive VP or Steve Denison, President
United States Powerlifting Association
30 Waterworks Way Irvine, CA 92618
Email: mike@uspa.net or steve@uspa.net

If to Meet Director:



Email:

14.2. Notices shall be deemed to have been delivered to a Party at the aforesaid address:
  a. When hand-delivered by a reputable courier service; or
  b. When sent by email to the aforesaid email address; or
  c. When delivered by the United States Postal Service by registered or certified mail, return receipt requested.

# ARTICLE 15

# MISCELLANEOUS PROVISIONS

15.1. Parties Bound. The Parties agree that the promises and covenants of this Agreement shall be binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, administrators, legal representatives, successors and permitted assigns.

15.2. Assignment. Neither Party shall have the right to transfer or assign its interest in this Agreement without the prior written consent of the other Party. Any attempted transfer or assignment made without the prior written consent of the other Party shall be deemed a material breach of this Agreement, and shall be null and void.

15.3. Additional Documents. The Parties shall execute any and all other documents necessary to effectuate the intent, provisions, terms, and conditions of this Agreement.

15.4. Modification. This Agreement may be altered, modified, or amended only by a new written contract signed by both Parties.

15.5. Conduct. Neither Party shall conduct itself in a manner which the Party knows, or should know, is likely to

cause damage to the other Party's business interests or reputation.

15.6. Governing Law; Forum; Consent to Personal Jurisdiction. This Agreement shall be governed by, construed under, and enforced in accordance with the laws of the State of California. The exclusive forum for any dispute arising from, or related to, this Agreement shall be the Superior Court of the State of California, County of Orange. The Parties each consent to the personal jurisdiction of said court.

15.7. Severability. If any provision of this Agreement should be held invalid or void such that said provision is unenforceable, all other provisions in this Agreement shall remain in full force and effect unless removal of any invalid provision destroys or frustrates the legitimate purposes of this Agreement, in which event this Agreement shall be canceled.

15.8. Entire Agreement. This Agreement constitutes the entire, final agreement by and between the Parties, and manifests the entire understanding of the Parties, with respect to the subject matter hereof. This Agreement supersedes any prior understanding, promise, representation, warranty, covenant, or guarantee with respect to the subject matter hereof. The Parties each acknowledge that no promise, statement, representation, covenant, warranty, guarantee, inducement, or understanding which is not expressed herein has been made, or relied upon, in the formation or execution of this Agreement.

15.9. Legally Binding Contract. The Parties acknowledge and agree that the provisions, terms, and conditions of this Agreement are contractual, and are not mere recitals. The Parties acknowledge and agree that this Agreement is a legally binding contract.

15.10. Construction. The Parties have each negotiated, participated, and cooperated in the preparation and drafting of this Agreement. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning. No part or provision of this Agreement shall be construed against either Party as the drafter of said part or provision. Headings and captions used in this Agreement are for the convenience of reference only, and shall not be considered in the construction or interpretation of this Agreement.

15.11. Waiver. The waiver by either Party of the breach of any provision of this Agreement shall not operate as, or be construed as, a waiver of any other breach.

15.12. Execution; Counterparts. This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which shall constitute one and the same contract, provided that each signing Party shall receive from the other Party a photocopy or scanned copy of this entire Agreement including the signature page signed by the other Party.

15.13. Capacity; Authority. The persons signing below warrant and represent that they each have the full capacity to understand this Agreement, and that each is authorized to represent and bind the Party on whose behalf they sign this Agreement.

15.14. Legal Counsel. Each Party represents and acknowledges that it has had the opportunity to consult with that Party's legal counsel with regard to this Agreement. Each Party shall bear its own attorney's fees relating to the negotiation, formation, and execution of this Agreement.

15.15. Prevailing Party. In the event that either Party resorts to legal action or legal proceedings to enforce this Agreement, the prevailing Party in such action or proceedings shall be entitled to an award of reasonable attorney's fees and costs in addition to such other relief as may be granted.

15.16. Electronic Signatures. The Parties agree to conduct this transaction by electronic means. An electronic signature below shall have the same force, effect, and validity as a handwritten signature.

We have carefully read this entire Agreement. We fully understand the contents, nature, meaning, and significance of each and every term, part and provision of this Agreement, and of the whole thereof.

IN WITNESS WHEREOF, we freely, knowingly and voluntarily sign and execute this Agreement, fully intending to be bound by its terms.

Leonetta Richardson
10391 Brookmead Dr

Moreno Valley, CA 92557
United States

Submitted: 2022-05-25 18:07:51