# Exhibit B



Stradling Yocca Carlson & Rauth
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
949 725 4000
stradlinglaw.com

**Shawn Collins**
949 725 4064
SCollins@stradlinglaw.com

March 2, 2023

**Via FedEx and Email**

Mr. John Dorsey
1409 Mellon Street
Pittsburgh, PA 15206-1113
Email: gbtraininglink@gmail.com

    Re:    <u>United States Powerlifting Association</u>

Dear Mr. Dorsey:

    This firm represents the United States Powerlifting Association ("USPA"). It has come to our attention that you have been making false and disparaging comments about USPA. Specifically, we have been informed that you have posted multiple false, misleading, and negative videos to your Instagram account, @goob_u2, regarding USPA. By this letter, USPA demands that you immediately and permanently cease and desist from publishing these defamatory statements about USPA, and that you engage in all reasonable efforts to retract your previous defamatory statements.

    USPA has been shocked by your negative campaign, particularly since, as you are no doubt aware, USPA representatives have made every effort to engage with you and correct your various misstatements. Nonetheless, you have continued your smear campaign. The many false and disparaging comments you have made about USPA are too numerous to recount in this letter, but to provide a few examples:

    1.    On January 14, 2023, you published a video about former Vermont State Chair and Meet Director, Stephanie Bennett. In your video, you claimed that Steve Denison, USPA Founder and President, promised to look into complaints lodged against Ms. Bennett but "never followed up." Further, you asserted that after a video of Ms. Bennett behaving crudely "surfaced," Mr. Denison promised to "address" the situation but never did. These allegations about USPA are false. From November 2022 to January 2023, USPA received a series of complaints about Ms. Bennett from one individual. Mr. Denison investigated every claim and responded to each email. Further, Mr. Denison terminated Ms. Bennett on January 8, 2023, just two days after receiving the video of Ms. Bennett's crude behavior. Meaning, when you claimed on January 14, 2023 that USPA never

Mr. John Dorsey
March 2, 2023
Page Two

"address[ed]" the situation, Ms. Bennett had already been terminated for almost a week. Following your post, Mr. Denison contacted you and informed you of this, but you failed to retract your false statements.

2. On January 16, 2023, you posted a video about former USPA referee, Mindy Layne. In your video, you stated that Ms. Layne's conviction for sexually abusing a child "wasn't a big deal to [USPA] until [Johnny Layne] did something to hurt [USPA] financially" by starting a competing powerlifting federation in September 2020. This is wrong. USPA did not learn about Ms. Layne's conviction until June 8, 2020, and she was terminated by June 23, 2020. In this same video, you suggested that the USPA knew about Ms. Layne's conviction in 2019. The USPA California Instagram account sent you a follow up Instagram message to clarify that USPA found out about Ms. Layne's conviction in 2020 and provided supporting evidence, but you chose not to share this with your Instagram followers.

3. On January 17, 2023, you posted two videos about USPA member James Justice. In your first video, you stated that Mr. Justice, who was charged with sexual abuse of a child, "loves the USPA probably because they don't formally do a background check on you, any of the refs, any of the chairs, any of the judges. When you operate in that sort of way, it attracts a certain type of person, generally this type of person." These claims against the USPA are unfounded. First, Mr. Justice is not a USPA employee, and therefore not subject to a background check. Moreover, as Mr. Denison had already informed you, USPA does run background checks on new referees and state chairs via the National Sex Offender Registry.

4. On January 22, 2023, you published a video about Chico Cloyne, USPA's former Vice President of Business Development. In this video, you alleged that a female powerlifter reported a violent incident involving Mr. Cloyne to USPA, and Mike Tronske, USPA Executive Vice President, responded via email on January 4, 2023 saying that he would forward the matter to HR. Among other falsities, you claim, "Nothing ever became of it." To the contrary, USPA conducted an extensive internal investigation of this incident starting in December 2022 and ultimately filed a report with HR on January 11, 2023. However, before HR had an opportunity to make a recommendation regarding this assault, Mr. Cloyne was terminated for a different offense.

5. In a January 23, 2023 video you posted about Aaron Skogsberg, you displayed the January 4, 2023 email from Mr. Tronske to the woman who reported Mr. Cloyne, which stated that "the matter is pending further investigation and submission to [HR]," and suggested that it was sent in response to a July 13, 2022 email Mr. Tronske received about Mr. Skogsberg. You then announced that this is part of a "pattern" in which Mr. Tronske "always gets these emails" and then falsely tells the whistleblower that he is going to send their report to HR. Setting aside that the matter concerning Mr. Cloyne was reported to HR, the "pattern" you claimed to have identified was based on a single email that you knew was unrelated to Mr. Skogsberg.

Your statements constitute defamation, *i.e.*, a false communication, either written or spoken, that harms a person's reputation; decreases the respect, regard, or confidence in which a person is held; or induces disparaging, hostile, or disagreeable opinions or feelings against a person. The elements of a cause of action for defamation are (1) the intentional publication of a statement of fact; (2) that is false; (3) that is not privileged; and (4) that has a natural tendency to injure or cause special

Mr. John Dorsey
March 2, 2023
Page Three

damage.  *See Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999) (*citing* Cal. Civ. Code §§ 45, 46; 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts § 471, pp. 557-558); *see also Vegod Corp. v. Am. Broad. Cos.*, 25 Cal. 3d 763, 770 (1979) ("[A] corporation's right and redress against defamation is well established.").  "Publication" in this context refers to a communication being delivered to another person—here, your statements were published to your Instagram followers and any other user who saw your videos.  Your actions satisfy all elements of a defamation claim.  Notably, your statements constitute defamation *per se*, which refers to categories of defamatory statements defined by law to be so damaging that a plaintiff does not need to prove actual damages in order to recover money from the defendant.  There are four categories of statements that qualify as defamation *per se*, including statements that indicate a person was involved in behavior incompatible with the proper conduct of his business, trade, or profession.  Your statements implying that USPA is indifferent to the safety of its members and staff fall into this category.

      As a direct result of your videos, USPA has suffered irreparable reputational harm and has begun to lose sponsors.  I am informed that you have been contacting sponsors of USPA and meet directors and repeating these false statements to encourage them to sever their business relationship with USPA.  Indeed, links to the videos containing these false statements have been sent to USPA by multiple colleagues within the industry.  Thus, not only does USPA consider your conduct tantamount to defamation *per se*, USPA is also evaluating claims against you for intentional and negligent interference with prospective economic advantage.

      Accordingly, given the severity of your false accusations and your refusal to remove or correct the disparaging statements from your Instagram after learning they were untrue, I have been authorized by my client to take any and all lawful actions necessary to cause the removal of the defamatory statements from the internet and fully restitute my client for the damages they have already incurred and continue to incur as a result of your actions.  Therefore, unless all offending statements are removed within 24 hours of receiving this letter, my client intends to initiate legal action to enjoin your defamatory conduct and seek all available monetary damages.

      Please immediately confirm (or have your attorney confirm) that the tortious videos have been removed from your Instagram, that you will cease and desist from publishing any further false, disparaging and defamatory statements regarding USPA, and that you will make every effort to retract your previous defamatory statements.

      Furthermore, by this letter, you are placed on notice that you are required to take immediate action to maintain and preserve, and not destroy, conceal or alter, any documents (including emails, text messages, and other electronic data) that in any way relate to my client's claims against you.  Failure to maintain and preserve all such documents will be deemed spoliation and may subject you to further damages and sanctions by the court.

4884-1564-0915v3/107549-0000

Mr. John Dorsey
March 2, 2023
Page Four

                Best Regards,

                Shawn Collins
                Shareholder
                Stradling Yocca Carlson & Rauth
                A Professional Corporation

4884-1564-0915v3/107549-0000